FILED

01/22/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0316

DA 24-0316

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 15N

IN RE THE PARENTING OF:

T.R.L., a minor child,

CASSIE NEZ PERCE,

      Petitioner and Appellant,

  and

BOB A. LUHMAN,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Rosebud, Cause No. DR 2022-0029
Honorable Nickolas C. Murnion, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Cassie Nez Perce, Self-Represented, Miles City, Montana

      For Appellee:

      Adam L. Forslund, Attorney at Law, Miles City, Montana

Submitted on Briefs:  November 13, 2024

Decided:  January 22, 2025

Filed:

                           Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Cassie Nez Perce (Nez Perce) appeals from the May 6, 2024 Findings of Fact and Conclusions of Law and Order Adopting Final Parenting Plan issued by the Sixteenth Judicial District Court, Rosebud County. We affirm.

¶3 Nez Perce and Appellee, Bob Luhman (Luhman), have a child together, T.R.L., born in 2010. In 2012, T.R.L. was removed from Nez Perce's care by the Department of Public Health and Human Services, Child and Family Division (the Department). The Department brought a child welfare action in Custer County. That action was dismissed with an order that approved the parenting plan filed on September 10, 2012, in Rosebud County Cause No. DR 12-20. That parenting plan provided that for the safety of T.R.L., he would reside with Luhman, and that Nez Perce's rights and authority over T.R.L. were restricted and under the control of Luhman. The District Court noted in its May 6, 2024, findings that the prior court had determined that Nez Perce suffered from serious mental health issues at the time the parenting plan was adopted in 2012. Those issues required

medication and treatment which could contribute to an unstable and sometimes violent environment for the child.[1]

¶4      After adoption of the final parenting plan in 2012 and dismissal of the child welfare cause, Nez Perce did not have contact with T.R.L. between April 2012 and 2016.  In 2016, Nez Perce petitioned to establish a parenting plan in Valley County which was dismissed for lack of jurisdiction.  She again petitioned to establish a parenting plan in Valley County in 2022 and, again, the cause was dismissed.  On December 7, 2022, Nez Perce filed a Petition for Parenting Plan asserting Luhman had cut off all means of communication between her and T.R.L. since August 2021.  She proposed adopting a parenting plan which provided for T.R.L. to reside on a primary basis with Luhman and with her during summers, alternating weekends, and alternating holidays.  Luhman contested, asserting there was no relationship between T.R.L. and Nez Perce such that any contact between them should be supervised.  On February 15, 2023, the District Court adopted an interim parenting plan which provided Nez Perce two hours of supervised contact twice per month with T.R.L.  A little over a month later, on March 24, 2023, the District Court held Luhman in contempt of court for failing to abide by the interim parenting plan.  To purge the contempt, the court ordered Luhman to abide by the interim parenting plan and to cooperate with family counseling to re-establish the parent-child relationship between Nez Perce and T.R.L.  Pamela Colombik was appointed as the reunification counselor.  Colombik

---

[1] Nez Perce does not contest this finding but asserts her mental health issues and the child welfare cause were too old to be of relevance to her current parenting action.

3

conducted reunification counseling approximately every two weeks from July 2023 until April 2024. Thereafter, Colombik reported to the court that T.R.L. had anxiety due to Nez Perce's parenting attempts, he is fearful Nez Perce will attempt to take him from his father and step-mother, and despite the counseling, no parent-child bond could be formed between T.R.L. and Nez Perce. Pursuant to the District Court, Colombik testified that it was in T.R.L.'s best interests to see Nez Perce only when he wants and only on a supervised basis.

¶5 Following a hearing, the District Court issued its May 6, 2024 Findings of Fact and Conclusions of Law and Order Adopting Final Parenting Plan in which it concluded, given the lack of relationship to date and the lack of success through reunification counseling, that T.R.L. and Nez Perce are not going to form a parent-child relationship. As such, it adopted a parenting plan which allows for supervised contact between T.R.L. and Nez Perce based on T.R.L.'s discretion.

¶6 Nez Perce appeals pro se. From her briefing it is difficult to discern how the District Court erred or the relief she seeks. She appears to fault the court for: requiring her participation in mediation, asserting there was domestic violence between her and Luhman in the past; permitting Luhman to modify the interim parenting plan to include a claim for child support; permitting admission of an affidavit of Pamela Colombik; and permitting Luhman to repeatedly reference her history of mental health problems. Nez Perce also states that T.R.L. prefers to have Nez Perce's parental rights terminated so that his step-mother can legally adopt him, and that she "understands and agrees with T.R.L. that since

4

there is not a possibility of a parent/child bond to be formed he should have the right to be adopted by the person he believes to be his mother."

¶7 We review parenting plan modifications for a clear abuse of discretion. *Bessette v. Bessette*, 2019 MT 35, ¶ 13, 394 Mont. 262, 434 P.3d 894. An abuse of discretion occurs if a court exercises its discretion based on clearly erroneous findings of fact, an erroneous conclusion of law, or acts arbitrarily without employment of conscientious judgment or beyond the bounds of reason resulting in substantial injustice. *Bessette*, ¶ 13. We review conclusions of law de novo for correctness. *Bessette*, ¶ 13.

¶8 Appellant has the duty to present this Court with a record sufficient to enable us to rule upon the issues raised. M. R. App. P. 8(1). "Failure to present the court with a sufficient record on appeal may result in . . . affirmance of the district court on the basis the appellant has presented an insufficient record." M. R. App. P. 8(2). Nez Perce has not provided this Court with the transcripts from hearings which would be necessary to review most of her asserted concerns. Without transcripts we are unable to determine how the assertion of prior domestic violence was addressed by the District Court in the context of the mediation it ordered. We are likewise unable to determine to what extent her mental health history was presented and how the District Court addressed any evidentiary objections thereto. We are also unable to address evidentiary issues as to whether Colombik's affidavit was admitted, how the District Court addressed objections, if any, and if inappropriately admitted, whether such error was harmless as cumulative of her actual testimony. Finally, regarding Nez Perce's assertion that Luhman initially brought

5

no claim for child support but was later permitted to do so, we find no error apparent from the record before us.

¶9     Upon review of the District Court's May 6, 2024 Findings of Fact and Conclusions of Law and Order Adopting Final Parenting Plan, we note the court considered each of the statutorily required factors as to the best interests of the child set forth in § 40-4-212, MCA, and discussed the factual findings supporting the court's assessment of each factor.  As we have no transcripts, we must accept the District Court's findings of fact and cannot conclude any were clearly erroneous.  Further, the District Court held an evidentiary hearing, determined whether the necessary statutory criteria were met for amendment of the prior parenting plan under § 40-4-219 and § 40-4-212, MCA, and issued a Final Parenting Plan which provided for T.R.L.'s best interests.  On the record before us, we find no error.

¶10    It is clear Nez Perce loves T.R.L. and wants what is best for him.  While she may now be in a better situation to parent than before, she appears to recognize that given T.R.L.'s age, his historic lack of contact with Nez Perce, and his relationship with his father and step-mother, there is not a possibility of a parent-child bond to be formed.  Nez Perce has indicated her willingness to consent to T.R.L.'s adoption by his step-mother should that be what he desires.  Hopefully, he will someday understand this as a selfless act of love by Nez Perce.

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12    Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE